| | |
|---|---|
| DISTRICT COURT, PITKIN COUNTY, STATE OF COLORADO<br>Address:     506 E. Main Street, Suite E<br>                      Aspen, Colorado 81611<br>                      (970) 925-7635 | DATE FILED: May 5, 2017 5:19 PM<br>FILING ID: 7D8FE1DCF50CD<br>CASE NUMBER: 2017CV30041 |
| **Plaintiffs:** UTE MESA LOT 1, LLC, a Colorado limited liability company; and LEATHEM STERN, an individual; UTE MESA LOT 2, LLC, a Colorado limited liability company; UTE MESA 1011, LLC, a Colorado limited liability company; 999 UTE AVENUE, LLC, a Colorado limited liability company; 1001 UTE AVENUE HOMEOWNERS ASSOCIATION, a Colorado corporation.<br><br>v.<br><br>**Defendants:** PAUL J.A. VAN HESSEN, an individual; and UTE HOLDINGS, LLC, a Colorado limited liability company. | ▲ COURT USE ONLY ▲<br>_____<br><br>Case Number:<br><br>Div.: |
| *Attorneys for Plaintiffs*<br>Richard B. Podoll, Atty. Reg. #8775<br>Robert A. Kitsmiller, Atty. Reg. #16927<br>PODOLL & PODOLL, P.C.<br>5619 DTC Parkway, Suite 1100<br>Greenwood Village, Colorado 80111<br>Telephone: (303) 861-4000<br>Facsimile: (303) 861-4004 | |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiffs, by and through their attorneys, Podoll & Podoll, P.C., as their Complaint and Jury Demand against the above-named Defendants state and allege as follows:

**PARTIES, JURISDICTION AND VENUE**

1.     Plaintiff Leathem Stearn ("Stearn") is an individual and resident of the State of Colorado with a principal address of 999 South Ute Avenue, Aspen, Colorado 81611.

2. Plaintiff Ute Mesa Lot 1, LLC ("Ute Mesa Lot 1") is a Colorado limited liability company in good standing with its principal business address in Colorado at 1011 South Ute Avenue, Aspen, Colorado 81611.

3. Plaintiff Ute Mesa Lot 2, LLC ("Ute Mesa Lot 2") is a Colorado limited liability company in good standing with its principal business address in Colorado at 1011 South Ute Avenue, Aspen, Colorado 81611.

4. Plaintiff Ute Mesa 1011, LLC ("Ute Mesa 1011") is a Colorado limited liability company with its principal business address in Colorado at 1011 South Ute Avenue, Aspen, Colorado 81611.

5. Plaintiff 999 Ute Avenue, LLC, ("999 Ute Avenue") is a Colorado limited liability company with its principal business address in Colorado at 1011 South Ute Avenue, Aspen, Colorado 81611.

6. Plaintiff 1001 Ute Avenue Homeowners Association ("HOA") is a Colorado corporation with its principal business address in Colorado at 1011 South Ute Avenue, Aspen, Colorado 81611.

7. Ute Mesa Lot 2, Ute Mesa 1011, 999 Ute Avenue, and the HOA are collectively referred to as the "Ute Entities."

8. Stearn is the manager and majority member of Ute Mesa Lot 2, Ute Mesa 1011, and 999 Ute Avenue. Stearn is a citizen of the State of Colorado.

9. Defendant Paul J.A. van Hessen ("Hessen") is a citizen of a foreign state, who resides in Monaco, with an address of Hotel Hermitage, Apt. 320, Square Beaumarchais, 98000 Monaco.

10. Defendant Ute Holdings, LLC ("Ute Holdings") is a Colorado limited liability company with its principal business address at 1535 North Elston Avenue, Chicago, Illinois 60642.

11. Venue is proper under C.R.C.P. 98 as this action affects real property situated in Pitkin County, Colorado. Additionally, the contract at issue was to be performed in, and torts at issue occurred in, Pitkin County, Colorado.

12. The exercise of *in personam* jurisdiction over Defendants is based upon Colorado's long arm statute, C.R.S. § 13-1-124, as the cause of action concerns the ownership, use or possession of real property located in Colorado, C.R.S. § 13-1-124(1)(c). It also arises from the transaction of business in Colorado and the commission of a tortious act within Colorado, C.R.S. § 13-1-124(1)(a)-(b).

2

## GENERAL ALLEGATIONS

13. In 2008, Plaintiff Stearn, through two single purpose Colorado limited liability companies, Ute Mesa Lot 1, LLC and Ute Mesa Lot 2, LLC, embarked upon a development project to construct two luxury homes at the base of Aspen Mountain which were supported by shared common elements.

14. Stearn obtained separate financing to construct each home on two separate lots. The home on Lot 1 was originally financed by United Western Bank, whose assets were seized by the FDIC and were subsequently transferred to First Citizens' Bank. Construction on Lot 1 was stalled through litigation, in Pitkin County, resulting from United Western Bank's breach of its loan commitments to Stearn.

15. The residence on Lot 2 was constructed through a loan originally procured from Alpine Bank, and subsequently purchased by Defendant Hessen, as described herein.

16. The Pitkin County litigation was resolved by the beginning of 2016, and Stearn and his single purpose LLC, Ute Mesa Lot 1, were pursuing financing to complete construction of that home. The home on Lot 2 was completed, but to effectively market and sell either property, both properties and the common elements needed to be completed.

17. As described herein, Defendant Hessen tortuously interfered with Stearn and Ute Mesa Lot 1's financing commitment to complete construction of the home on Lot 1.

18. After engaging in wrongful and tortious conduct which destroyed the financing Stearn had arranged to complete Lot 1, Hessen now wrongfully asserts ownership of Lot 2.

19. Through this action Stearn seeks damages for Hessen's tortious interference with his perspective business advantage, as well as a declaration that Stearn's single purpose LLC, Ute Mesa Lot 2 is the owner of Lot 2. Stearn also brings claims under the spurious document and slander of title statutes.

Ute Mesa Lot 2 ("Lot 2") owns certain real property known as Lot 2 of the 1001 Ute Avenue Subdivision, described as:

> Lot 2, 1001 Ute Avenue Subdivision/PUD, according to the Plat thereof filed May 9, 2007, in Plat Book 83 at Page 95, at Reception No. 537513
>
> County of Pitkin
> State of Colorado

3

20. On or about April 3, 2008, Alpine Bank ("Alpine") made a loan to Chase 1011, LLC in the maximum principal amount of $9.5 million (the "Alpine Loan"). Subsequently, Chase 1011 changed its name to Ute Mesa 1011.

21. The Alpine Loan was evidenced by a Promissory Note dated as of April 3, 2008 ("Alpine Note").

22. The Alpine Note was secured by a Construction Deed of Trust dated as of April 3, 2008 and recorded on April 8, 2008 at Reception Number 548184 in the real property records of Pitkin County, Colorado (the "Alpine Deed of Trust")."

23. On March 25, 2010, Defendant Hessen acquired the Alpine Note and the Alpine Deed of Trust.

24. On or about April 16, 2010, Hessen, Stearn and the Ute Entities modified the Alpine Loan and extended the maturity of the Alpine Note.

25. On or about May 1, 2010, Hessen made a loan to the Ute Entities in the principal amount of $6.2 million ("Hessen Loan #1"), which is evidenced by a Promissory Note dated as of May 1, 2010 in the maximum principal amount of $6.2 million (the "Hessen 1 Note").

26. Hessen Loan #1 is secured by, among other things, a Deed of Trust dated as of May 1, 2010, recorded on May 13, 2010 at Reception Number 569294 in the real property records of Pitkin County, Colorado (the "Hessen 1 Deed of Trust"), which secures the following real property owned by the Ute Entities:

> all of Lots 2 and 3, together with Common Area Lot A, Common Area Lot B, Common Area Lot C, of 1001 Ute Avenue Subdivision/PUD, according to the plat thereof recorded on May 9, 2007, in Plat Book 83 at Page 95 as Reception No. 537513 of the County of Pitkin, State of Colorado

(the "Collateral Property").

27. On or about November 24, 2015, Hessen and the Ute Entities and Stearn executed a Forbearance and Loan Modification Agreement (the "Forbearance Agreement"). A copy of the Forbearance Agreement is attached as Exhibit A.

28. Contemporaneous with the Forbearance Agreement, Hessen, the Ute Entities and Stearn entered into a Deed-in-Lieu Agreement (the "Deed-in-Lieu Agreement"). A copy of the Deed-in-Lieu Agreement is attached as Exhibit B.

29. The Deed-in-Lieu Agreement expressly states that its provisions shall apply only if the Ute Entities are in default of the Forbearance Agreement. (Ex. B, p. 1, Recitals 1-3.)

4

30. The Deed-in-Lieu Agreement attaches a form special warranty deed ("Deed") which is signed by Ute Mesa Lot 2, but which leaves a blank for the date line, and also leaves a blank for the "Grantee" line. (Ex. B, p. 2, ¶1(a)(1), and Exhibit B thereto.)

31. The parties intended that the blank deed attached to the Deed-in-Lieu Agreement secure the performance of Stearn and the Ute entities.

32. In the first part of 2016, Defendants intentionally interfered with a financing transaction with a third-party lender, which financing was to be secured by real property owned by Ute Mesa Lot 1 – real property on which the Defendants had no lien and in which they held no interest whatsoever.

33. Ute Mesa Lot 1 owns the real property known as Lot 1 of the 1001 Ute Avenue Subdivision ("Lot 1"), which has a legal description of:

> Lot 2, 1001 Ute Avenue Subdivision/PUD, according to the Plat thereof filed May 9, 2007, in Plat Book 83 at Page 95, at Reception No. 537513
>
> County of Pitkin
> State of Colorado

34. By February of 2016, Ute Mesa Lot 1 had secured a commitment for financing from EFO Financial Group, LLC ("EFO") a private money lender based out of Florida (the "EFO Loan").

35. The EFO Loan was to be in the principal amount of $13.5 million, and was to finance the completion of construction of a residence upon Lot 1, as well as common elements shared by the residences on Lot 1 and 2.

36. The $13.5 million was primarily to be used for construction and the carry costs of this construction, with $450,000 to be allocated to satisfy an agreement with a prior lender to provide clear title to Lot 1. Another $500,000 was allocated for the completion of construction upon Lot 3 of the 1001 Ute Avenue Subdivision, which was the common elements lot, which common elements were shared by both Lot 1 and Lot 2.

37. The EFO Loan was to be secured through a first deed of trust on Lot 1. Defendants had no security interest in Lot 1, nor had Defendants issued any financing to Ute Mesa Lot 1.

38. However, given the proposed use of $500,000 to complete construction of the common elements upon Lot 3, Plaintiffs and EFO contacted Defendant Hessen to see if terms could be negotiated pursuant to which EFO could obtain a first deed of trust against Lot 3.

5

39. Securing a first deed of trust on Lot 3 was not a necessary component of the EFO Loan. The EFO Loan would have been completed even without a first deed of trust on Lot 3.

40. The $500,000 contemplated in the EFO Loan package for completion of the common elements on Lot 3 would help Lots 1 and 2, equally.

41. Arie Zoller, acting as agent for Hessen, initially agreed to terms pursuant to which EFO would obtain a first lien against Lot 3, and would fund the monthly payments of interest to Hessen on behalf of the Ute Entities.

42. Hessen (through Zoller) then stalled the process, changed positions, reneged on prior commitments, and advanced a series of irrational and unreasonable demands.

43. Had Hessen simply declined, in February of 2016, to permit EFO to have a first deed of trust on Lot 3, Stearn and EFO could and would have closed the EFO Loan without a first deed of trust on the common elements.

44. Instead, however, Hessen inserted himself in the negotiating process, and then intentionally delayed and derailed the process, ultimately preventing the closing of the EFO loan.

45. Hessen, personally, and through his agent Zoller, was at all relevant times aware the EFO had assembled investors to participate in the funding of the loan, the loan was time sensitive, and the investors' commitments were time limited.

46. Ultimately, EFO's investors refused to participate in the $13.5 million loan package due to Zoller's irrational, aberrant and unreasonable behavior.

47. Hessen, through his agent Zoller, knew, or should have known, that his conduct would result in Ute Mesa Lot 1 and Stearn losing the EFO Loan.

48. As a result of Hessen's wrongful conduct, Stearn and Ute Mesa Lot 1, lost the benefit of their loan.

49. Had Hessen not interfered with Stearn's loan commitment, Stearn and his entities would have been able to complete construction of the home on Lot 1 in early 2017, and would have been able to effectively market both the home on Lot 1 and the home on Lot 2.

50. After wrongfully interfering with and destroying Stearn's EFO Loan Hessen now attempts to wrongfully assert ownership of the home on Lot 2.

51. Stearn has suffered significant damages, in an amount to be determined at trial, as the result of Hessen's wrongful conduct.

6

52. On or about February 24, 2017, Hessen by Zoller, acting as his attorney-in-fact, recorded an "Affidavit" in the public records for Pitkin County at Reception Number 636374. A copy of that Affidavit is attached as Exhibit C.

53. That Affidavit acknowledges that the Deed was executed by the borrowers 15 months earlier and is now being recorded due to the default of borrowers.

54. Also on February 24, 2017, Hessen recorded the Deed in the public records for Pitkin County at Reception Number 636373. A copy of the Deed is attached as Exhibit D.

55. The date and grantee of the Deed had been filled in by Hessen's attorney-in-fact before recording.

56. Zoller, as Hessen's attorney-in-fact, added Ute Holdings, LLC, which did not exist in November, 2015, as the grantee in the Deed.

57. The Deed was recorded without the consent of the grantor and without the intent to convey more than a lien.

58. On February 24, 2017, Hessen recorded Assignments of Deed of Trust to transfer his liens to Ute Holdings, LLC.

59. Hessen and Ute Holdings claim to be the owner of Lot 2, despite Colorado statute that provides "Mortgages, trust deeds, or other instruments intended to secure the payment of an obligation affecting title to or an interest in real property shall not be deemed a conveyance, regardless of its terms, so as to enable the owner of the obligation secured to recover possession of real property without foreclosure and sale, but the same shall be deemed a lien." Colo. Rev. Stat. § 38-35-117.

60. Neither Hessen nor Ute Holdings has conducted a foreclosure.

61. On May 3, 2017, Ute Holdings served Stearn with a Demand for Possession of Lot 2, threatening to file an unlawful detainer action against Stearn pursuant to Colorado's statutory procedure for Forcible Entry and Detainer, C.R.S. §§ 13-40-101, *et seq*.

62. The Demand for Possession asserts that Ute Holdings is the owner of Lot 2 on the basis of the Deed recorded on February 24, 2017.

63. Ute Holdings is not the owner of Lot 2, and its notice of intent to file an unlawful detainer action against Stearn, seeking to remove him from possession of Lot 2, is without legal basis.

7

64. There is a present controversy regarding the ownership of Lot 2. The Plaintiffs are entitled to an order declaring that the Defendants do not own Lot 2, and an order declaring that the Special Warranty Deed is no more than a lien, and Ute Mesa Lot 2 is the owner of the property.

65. The Affidavit is a spurious document pursuant to C.R.S. § 38-35-204, and the Plaintiffs are entitled to the issuance of an order that it be released, following the issuance of an order to show cause and a hearing on that issue.

66. Further, Defendants' actions have caused Plaintiffs' damages, and Defendants have intentionally interfered with the ability of Plaintiffs to obtain refinancing.

**FIRST CLAIM FOR RELIEF**
*Plaintiffs Ute Mesa Lot 1, Ute Mesa 1011, 999 Ute Avenue, the HOA, and Stearn v. Hessen*
**(Intentional Interference with Prospective Business Advantage)**

67. Plaintiffs incorporate all previous paragraphs of the Complaint and Jury Demand as if fully set forth herein.

68. The Plaintiffs had a commitment from EFO to provide the EFO Loan.

69. Hessen, individually, or through his agent Zoller, intentionally interfered with the prospective contractual relationship between Plaintiffs and EFO, through a series of aberrant behavior, including, but not limited to, reneging on prior commitments, lengthy periods of delay, and assertion of irrational and unreasonable demands.

70. Hessen, individually or through his agent as described herein, either (1) induced or otherwise caused EFO's investors not to participate in the EFO Loan with Plaintiffs, or (2) prevented Plaintiffs from closing on the EFO Loan.

71. Hessen's actions were intentional and improper, and were undertaken for the purpose of preventing the closing of the EFO loan, or with knowledge that his acts were likely to bring about that result.

72. As a result of Hessen's actions, EFO and the Plaintiffs did not close the EFO Loan.

73. The Plaintiffs sustained damage as a result of Hessen's wrongful interference, including, but not limited to, being unable to market and sell both the Lot 1 and Lot 2 properties, and consequential damages including increased construction costs, additional interest costs, all in the amount to be determined at trial, but not less than $1 million.

WHEREFORE, based on their First Claim for Relief, Plaintiffs pray for judgment in their favor and against Defendant Hessen in an amount to be determined at trial, together with prejudgment interest, attorneys' fees, costs and such other and further relief as the court deems just.

**SECOND CLAIM FOR RELIEF**
*Plaintiffs Ute Mesa Lot 2, Ute Mesa 1011, 999 Ute Avenue, the HOA, and Stearn v. All Defendants*
**(Adjudication of Rights with Respect to Real Property Under C.R.C.P. 105)**

74. Plaintiffs incorporate all previous paragraphs of the Complaint and Jury Demand as if fully set forth herein.

75. C.R.C.P. 105 provides that "An action may be brought for the purpose of obtaining a complete adjudication of the rights of all parties thereto, with respect to any real property and for damages, if any, for the withholding of possession. The court in its decree shall grant full and adequate relief so as to completely determine the controversy and enforce the rights of the parties." C.R.C.P. 105(a).

76. Here, Plaintiffs seek a complete adjudication of the rights of the parties with respect to Lot 2, including who is the rightful owner of Lot 2, a parcel of real property located in Pitkin County, Colorado.

77. Defendant Ute Holdings claims to be the owner of Lot 2, pursuant to the Special Warranty Deed (Ex. D) it completed and recorded in the public records for Pitkin County, Colorado, in accordance with the Affidavit recorded by Defendant Hessen in the public records for Pitkin County, Colorado, which states that Hessen has the right to unilaterally complete and record the Special Warranty Deed pursuant to the Deed-in-Lieu Agreement.

78. However, by its terms, the Deed-in-Lieu Agreement (with the Special Warranty Deed that was attached to it) was intended as security for the Forbearance Agreement, and payments due under the Forbearance Agreement.

79. Colorado law provides that a trust deed or instrument intended to secure the payment of an obligation affecting title to or an interest in real property shall not be deemed a conveyance, regardless of its terms, so as to enable to the owner of the obligation secured to recover possession of the real property without foreclosure and sale. C.R.S. § 38-35-117, and payments specified in the Forbearance Agreement.

80. The Defendants could not become the owner of Lot 2 without a foreclosure and sale.

81. The Defendants never initiated a foreclosure and never completed a foreclosure sale.

82. The Defendants are accordingly not the owners of Lot 2, and ownership of Lot 2 remains with Ute Mesa Lot 2.

9

83. Plaintiffs are entitled to a declaration that Ute Mesa Lot 2 is the rightful owner of Lot 2, and all prior deed of trust were merged into the Special Warranty Deed.

WHEREFORE, based on their Second Claim for Relief, Plaintiffs pray for judgment in their favor adjudicating the rights of the parties with respect to Lot 2, including: (1) an order declaring that Plaintiff Ute Mesa Lot 2 is the rightful owner of Lot 2 of the 1001 Ute Avenue Subdivision, which has a legal description of "Lot 2, 1001 Ute Avenue Subdivision/PUD, according to the Plat thereof filed May 9, 2007, in Plat Book 83 at Page 95, at Reception No. 537513"; (2) an order declaring the "Special Warrant Deed (in lieu of foreclosure)" filed on February 24, 2017, in the public records for Pitkin County, Colorado at Reception Number 636373 to be a lien; and (3) such other and further relief as the Court deems just.

### THIRD CLAIM FOR RELIEF
*Plaintiff Ute Mesa Lot 2 v. All Defendants*
**(Recording of Groundless Document – C.R.S. § 38-35-109(3))**

84. Plaintiffs incorporate all previous paragraphs of the Complaint and Jury Demand as if fully set forth herein.

85. Colorado law provides for damages to be awarded against a person who records in the public records a groundless document affecting the title to real property. Specifically, C.R.S. § 38-35-109(3) provides:

> Any person who offers to have recorded or filed in the office of the county clerk and recorder any document purporting to convey, encumber, create a lien against, or otherwise affect the title to real property, knowing or having a reason to know that such document is forged or groundless, contains a material misstatement or false claim, or is otherwise invalid, shall be liable to the owner of such real property for the sum of not less than one thousand dollars or for actual damages caused thereby, whichever is greater, together with reasonable attorney fees.

86. This same statute also provides for an award of damages against the grantee or person who purportedly benefited from the recorded document who refuses to remove it after demand. Specifically, C.R.S. § 38-35-109(3) further provides:

> Any grantee or other person purportedly benefited by a recorded document that purports to convey, encumber, create a lien against, or otherwise affect the title to real property and is forged or groundless, contains a material misstatement or false claim, or is otherwise invalid who willfully refuses to release such document of record upon request of the owner of the real property affected shall

10

be liable to such owner for the damages and attorney fees provided for in this subsection (3).

87. Here, the Affidavit recorded by Hessen is groundless and affects title to Lot 2. The Affidavit purports to "accept the conveyance" of Lot 2 to Defendant Ute Holdings in derogation of Colorado law.

88. The Affidavit is signed by Hessen, through his agent, Zoller.

89. However, the the Deed-in-Lieu Agreement (with the Special Warranty Deed that was attached to it) was intended as security for the Forbearance Agreement, and Colorado statute provides that it shall not be deemed a conveyance without foreclosure and sale. *See* C.R.S. § 38-35-117.

90. The Defendants caused the Affidavit to be filed in the public records of Pitkin County, Colorado.

91. The Defendants also are either the grantees and/or persons purportedly benefited by the Affidavit, and the Defendants have refused to release the Affidavit.

92. The Plaintiff Ute Mesa Lot 2 is the owner of Lot 2.

93. The Affidavit is creating a cloud on title to Lot 2.

94. The Affidavit has also inhibited and prevented the refinancing of the loans described above.

95. Plaintiff Ute Mesa Lot 2 is accordingly entitled to recover from the Defendants the sum of not less than one thousand dollars, or its actual damages, whichever is greater, together with reasonable attorney fees.

WHEREFORE, based on the Third Claim for Relief, Plaintiff Ute Mesa Lot 2 prays for judgment in its favor and against Defendants, jointly and severally, in an amount to be determined at trial, together with prejudgment interest, attorneys' fees, costs and such other and further relief as the Court deems just.

### FOURTH CLAIM FOR RELIEF
*Plaintiff Ute Mesa Lot 2 and Stearn v. all Defendants*
**(Slander of Title)**

96. Plaintiffs incorporate all previous paragraphs of the Complaint and Jury Demand as if fully set forth herein.

11

97. The Affidavit, which was recorded in the public records of Pitkin County, Colorado, was false and is invalid. That recording created a cloud on Ute Mesa Lot 2's title to Lot 2, and caused damage to Ute Mesa Lot 2.

98. The Defendant willfully recorded the Affidavit with malice, intending to vex, injure or annoy Ute Mesa Lot 2.

99. As a result of the Defendants' actions, Ute Mesa Lot 2 has suffered special damages, as well as the costs and attorney fees necessary to remedy the wrongful recording.

WHEREFORE, based on its Fourth Claim for Relief, Plaintiff Ute Mesa Lot 2 prays for judgment in its favor and against Defendants, jointly and severally, in an amount to be determined at trial, together with prejudgment interest, attorneys' fees, costs and such other and further relief as the court deems just.

### JURY DEMAND

Plaintiffs hereby demand a jury of six (6) on all issues so triable.

Dated this 5th day of May, 2017.

Respectfully submitted,

PODOLL & PODOLL, P.C.


By: *s/Richard B. Podoll*
     Richard B. Podoll
     Robert A. Kitsmiller
     *Attorneys for Plaintiffs*

**Plaintiffs' Address:**
Leathem Stearn
999 South Ute Avenue
Aspen, Colorado 81611

Ute Mesa Lot 2, LLC
Ute Mesa 1011, LLC
999 Ute Avenue, LLC
1001 Ute Avenue Homeowners Association
Ute Mesa Lot 1, LLC

1001 South Ute Avenue
Aspen, Colorado 81611