| | |
|---|---|
| DISTRICT COURT, PITKIN COUNTY, STATE OF COLORADO<br>Address:  506 E. Main Street, Suite E<br>          Aspen, Colorado 81611<br>          (970) 925-7635 | DATE FILED: June 30, 2017 2:55 PM<br>FILING ID: 9BE74C43E6033<br>CASE NUMBER: 2017CV30041 |
| **Plaintiffs:** UTE MESA LOT 1, LLC, a Colorado limited liability company; and LEATHEM STERN, an individual; UTE MESA LOT 2, LLC, a Colorado limited liability company; UTE MESA 1011, LLC, a Colorado limited liability company; 999 UTE AVENUE, LLC, a Colorado limited liability company; 1001 UTE AVENUE HOMEOWNERS ASSOCIATION, a Colorado corporation.<br><br>**v.**<br><br>**Defendants:** PAUL J.A. VAN HESSEN, an individual; and UTE HOLDINGS, LLC, a Colorado limited liability company. | ▲ COURT USE ONLY ▲<br>_____<br><br>Case Number: 2017CV30041<br><br>Div.: 5 |
| *Attorneys for Plaintiffs*<br>Richard B. Podoll, Atty. Reg. #8775<br>Robert A. Kitsmiller, Atty. Reg. #16927<br>PODOLL & PODOLL, P.C.<br>5619 DTC Parkway, Suite 1100<br>Greenwood Village, Colorado 80111<br>Telephone: (303) 861-4000<br>Facsimile: (303) 861-4004 | |
| **PLAINTIFFS' RESPONSE TO DEFENDANT UTE HOLDINGS, LLC'S MOTION TO DISMISS** | |

The Plaintiffs, above-named, by and through their attorneys, Podoll & Podoll, P.C., submit

the following Response in Opposition to Ute Holdings, LLC's Motion to Dismiss Pursuant to

C.R.C.P. 12(b)(5).

## I.   INTRODUCTION

The claims in this case arise from loan transactions between Defendant Paul J.A. van Hessen ("van Hessen") and Plaintiff Leathem Stearn ("Stearn"). Specifically, the claims relate to Defendants' bad faith efforts to deprive the Plaintiffs of their statutory rights of notice, hearing and cure in the foreclosure of Defendant's lien.  Defendant also seeks to avoid answering for his actions which were a cause of the defaults which fill his Motion to Dismiss.  Rather, Defendant invites this Court to rush to judgment, ignoring established processes to foreclose a lien, and ignoring established processes to resolve claims in a lawsuit.

Defendant van Hessen admits that throughout the several iterations of loan documents, he had no greater interest in title than a lien upon Plaintiffs' property in the City of Aspen, known as Lot 2, 1001 Ute Avenue Subdivision ("Lot 2"). In November 2015, the parties executed a Forbearance & Loan Modification Agreement ("Forbearance Agreement") and a Deed in Lieu Agreement (DIL Agreement). The DIL Agreement secured the performance of the Plaintiff in the Forbearance. There was no agreement or provision that the deed be recorded unless there was a default in the terms of the Forbearance Agreement. The agreement of the parties conclusively demonstrates that the DIL Agreement and the Special Warranty Deed attached thereto were created as security for the performance of the Forbearance Agreement.

Defendant claims that he can ignore Colorado's statutory lien foreclosure procedures by obtaining a pre-signed deed to the property. This tactic is rejected by Colorado law.  C.R.S. § 38-35-117 expressly provides that ". . . instruments intended to secure the payment of an obligation affecting title to or an interest in real property shall not be deemed a conveyance, regardless of its terms, so as to enable the owner of the obligation secured to recover possession

of real property without foreclosure and sale, but the same shall be deemed a lien."  Thus, even the pre-signed deed which is absolute on its face, can convey no more than a lien since it was provided to secure the performance in the Forbearance Agreement.

Defendant van Hessen acknowledges the Colorado statute opposes his position, but argues at great length that he not only secured a deed but required the borrowers to acknowledge that they intended a conveyance of the property. However, this expressed intent is contradicted by the terms of the agreements which clearly provide that the deed would be ineffective unless there was a default in the Forbearance Agreement.  Since the agreements, read as an integrated whole, provide that the deed is nothing more than security for future contract performance, Colorado law expressly deems this arrangement to be a lien, not a conveyance.

Finally, in attempting to obtain judgment by motion practice, Defendant van Hessen hopes to avoid litigation related to his conduct that caused the loan defaults by taking affirmative steps to prevent Plaintiffs from obtaining financing to pay off the loans.  In fact, the present recording of the pre-signed deed and claiming title to the property continues to impede Plaintiff's efforts to refinance Lot 2, and market Lot 2.  Defendant has but a lien on Lot 2 and must answer for his actions in interfering with the refinance of Lot 2.

Defendant van Hessen's wrongful conduct is exacerbated by the fact that, through a surrogate, he obtained the interest of a minority member in Plaintiff Ute Mesa, Lot 2, LLC. Pursuant to C.R.S. § 7-80-404(3) Defendant van Hessen, through his surrogate, has a duty to exercise any rights he has "consistently with the contractual obligation of good faith and fair dealing." Defendant van Hessen breached this statutory duty, by preventing Plaintiff from obtaining financing to pay off the loan to him in the past. Defendant van Hessen's present conduct

3

that prevents refinancing and sale of the sole asset of Ute Mesa Lot 2, LLC also is a breach of the covenant of good faith and fair dealing.

Defendants' Motion to Dismiss must be denied.

## II.    ARGUMENT

**A.  Legal Standards Applicable to Motions to Dismiss Pursuant to C.R.C.P. 12(b)(5).**

A motion to dismiss for failure to state a claim is looked upon with disfavor.  *Colorado Ins. Guar. Ass'n, v. Menor*, 166 P.3d 205, 212 (Colo. App. 2007).  In evaluating a motion to dismiss for failure to state a claim, courts may consider only those matters stated in the complaint, and must accept all allegations of material facts as true and view the allegations in the light most favorable to the plaintiff.  *Coors Brewing Co. v. Floyd*, 978 P.2d 663, 665 (Colo. 1999).  When the plaintiff attaches documents to the complaint, the court may consider those documents in ruling on a motion to dismiss.  *Stauffer v. Stegemann*, 165 P.3d 713, 716 (Colo. App. 2006).  When documents are attached to a complaint, the legal effect of the documents is determined by their contents rather than by the allegations in the complaint. *Id.*

A complaint should not be dismissed for failure to state a claim unless the complaint "fails to state a plausible claim for relief." *Warne v. Hall*, 373 P.3d 588, 597 (Colo. 2016).  A court properly dismisses a claim if the factual allegations in the complaint, taken as true and viewed in the light most favorable to the plaintiff, do not present plausible grounds for relief. *Hirsch Trust v. Ireson*, 2017 COA 3, ¶ 8 (January 12, 2017).

4

**B. The allegations of the Complaint and the documents attached thereto demonstrate a dispute concerning the rightful ownership of Lot 2.**

Plaintiffs' Second Claim for Relief seeks adjudication of rights with respect to Lot 2. C.R.C.P. 105 provides: "An action may be brought for the purpose of obtaining a complete adjudication of the rights of all parties thereto, with respect to any real property and for damages, if any, for the withholding of possession.  The Court in its decree shall grant full and adequate relief so as to completely determine the controversy and enforce the rights of the parties." C.R.C.P. 105(a).

In this case, there are clear disputes concerning title to Lot 2.  Ute Holdings claims to be the owner of Lot 2 pursuant to the Special Warranty Deed attached to the Complaint as Exhibit D. The Special Warranty Deed was originally attached to the Deed-in-lieu Agreement entered into between Van Hessen and the Ute entities and Stearn on November 24, 2015 (the "DIL"), a copy of which is attached to the Complaint as Exhibit B.  The DIL was entered as part of the Forbearance and Modification Agreement, dated November 24, 2015 (the "Forbearance Agreement"), copy of which is attached to the Complaint as Exhibit A.

Further, there are disputes concerning the intent of the parties.  Defendants allege that an acknowledgment in the DIL Agreement conclusively establishes that the parties intended that the Special Warranty Deed be an absolute conveyance.  However, the Forbearance Agreement provides that the borrowers may repay the loan in the following months and retain title to the property.  The deed was only to be recorded in the event of default:

> In the event of a Default or Event of Default hereunder or any other Loan Document, and following notice from Lender if any notice is required and the expiration of the period of cure provided, if any, Lender shall record the special warranty deed attached to the

DIL Agreement as an exhibit (the "**Deed**") in compliance with the DIL Agreement, . . .

Forbearance Agreement, Exhibit A to Complaint at p. 9, ¶ 9(e).

Similarly, the DIL Agreement provides:

> 3.   The parties to this Agreement have concurrently entered into the Forbearance Agreement. The actions anticipated by this Agreement will only occur in the event that Borrower is unable to successfully sell or refinance the Real Property addressed herein by the end of the forbearance Period or otherwise breaches the Forbearance Agreement.   Therefore, the provisions of this Agreement shall pertain only if Borrower is in default under the Forbearance Agreement.

DIL Agreement, Exhibit B to Complaint at p.1 Recital 3.

The Forbearance Agreement and the DIL Agreement must be read together. When several documents are part of a single transaction, they should be read together as a whole, not in isolation, to determine the parties' intent, even if the documents do not refer to one another. *Premier Farm Credit, PCA v. W-Cattle, LLC*, 155 P.3d 504, 517 (Colo. App. 2006). Reading these agreements together, it is apparent that in November 2015, neither party intended to create a present conveyance of Lot 2 to Defendant.  Rather, the parties intended to provide a pre-signed deed to secure the performance of the Forbearance Agreement, and repayment of the loan to van Hessen.

Colorado law provides that an instrument intended to secure repayment creates a lien, regardless of its form. C.R.S. § 38-35-117 states:

> Mortgages, trust deeds or other instruments intended to secure the payment of an obligation affecting title to or an interest in real property shall not be deemed a conveyance, regardless of its terms, so as to enable the owner of the obligation secured to recover possession of real property without foreclosure and sale, but the same shall be deemed a lien.

The argument that the parties can agree in advance to a security arrangement which by-passes Colorado statutory requirements to foreclose a lien is unenforceable. The present claims of Defendant van Hessen are similar to the circumstances in *Larson v. Hinds*, 394 P.2d 129 (Colo. 1964). In *Larson*, the debtor signed a promissory note and also executed a warranty deed conveying to the creditor real property belonging to the debtor. The parties entered into an escrow providing that if the debtor failed to pay back the loan within 60 days, the deed would be delivered to the creditor and the transaction deemed a sale of the property.

The claims that the creditor owned the property without foreclosure went to the Colorado Supreme Court which held that the arrangement between the parties constituted an equitable mortgage or a lien pursuant to the predecessor statute to C.R.S. § 38-35-117. *Larson*, 394 P.2d at 133-34. The court noted that transactions which seek to deprive borrowers of redemption rights and similar statutory protections associated with mortgages are contrary to public policy and amount to a forfeiture which the Court declined to enforce. *Id.*, at 133.

A pre-signed deed as part of the security for the repayment of a loan does not effect a conveyance of the property, but only conveys a lien. Defendant van Hessen makes an argument from an acknowledgment in the loan documents, but the loan documents read as a whole demonstrate that the parties' intent was to create a security arrangement.  At a minimum, there is an issue of fact concerning the intent of the parties in November 2015.

Additional questions are raised concerning the intent of the grantor. The Special Warranty Deed left blank the date of the instrument as well as the Grantee. *See* Complaint at ¶ 30; Exhibit B, to Complaint at p. 2, ¶1(a)(1), and Exhibit B thereto. The incomplete nature of the document when prepared in 2015 reflects not only the lack of intent to convey title, but also a lack of intent

to convey title to Defendant. Defendants admit completing the Deed without any power of attorney from Plaintiff to do so. This raises additional issues at trial concerning Plaintiff's alleged title. In these circumstances, the Court should exercise its power under Rule 105 and adjudicate the various interests in title to Lot 2.

Issues of title and the intent of the parties cannot be resolved on Defendant's Motion to Dismiss. It cannot be said based upon the Complaint and the Forbearance Agreement and DIL Agreements attached to the Complaint, that the Plaintiffs claim for a determination of the interests in title fail to state a plausible claim for relief. In fact, the competing claims to title beg to be resolved by Court action.  Defendants' Motion to Dismiss the Second Claim for Relief must be denied.

**C. Defendants' recording of the affidavit and other documents purporting to show the conveyance and acceptance of title to Lot 2 was groundless.**

The Third Claim for Relief asserted on behalf of Plaintiff Ute Mesa Lot 2 is based upon C.R.S. § 38-35-109(3), which provides:

> Any person who offers to have recorded or filed in the office of the county clerk and recorder any document purporting to convey, encumber, create a lien against, or otherwise affect the title to real property, knowing or having a reason to know that such document is forged or groundless, contains a material misstatement or false claim, or is otherwise invalid, shall be liable to the owner of such real property for the sum of not less than one thousand dollars or for actual damages caused thereby, whichever is greater, together with reasonable attorney fees.

In February 2015, Defendant van Hessen had possession of a November 2015 Special Warranty Deed, which was signed but contained no date of conveyance and no Grantee. Defendant van Hessen was signatory to the Forbearance Agreement and DIL Agreement, and knew that the

November 2015 Special Warranty Deed was created to secure the performance in the Forbearance Agreement. Defendant van Hessen therefore knew that he had nothing more than a lien on Lot 2.

Defendant van Hessen, through his attorney in fact, Arie Zoller added a Grantee to the Special Warranty Deed in February 2015 without the consent or authorization of Plaintiffs. In interpreting a deed, the issue is one of the grantor's intent. *See Hinojos v. Lohmann*, 182 P.3d 692, 699 (Colo. App. 2008); *citing Bolser v.Board of Commissioners*, 100 P.3d 51, 53 (Colo. App. 2004) and *Proctor v. Graham*, 506 P.2d 1236, 1238 (Colo. App. 1973). The Grantee which Defendant van Hessen added was a newly-formed limited liability company, Ute Holdings, LLC. It did not even exist in November 2015 when the Deed was executed. Defendant van Hessen knew that the Grantor had no intent in November 2015 to convey Lot 2 to Ute Holdings, LLC.

Defendant van Hessen also crossed out the date of April 2016 from the Deed and filled in the then current date of February 15, 2017, again without the consent or authorization of Plaintiff. *See* Special Warranty Deed, attached as Exhibit D to the Complaint. Although Defendant van Hessen knew that the Deed contained information which did not reflect the intent of the Grantor, and which was not included in the Deed when executed, Defendant caused the Deed to be recorded on February 24, 2017, thus publishing false statements in the records of Pitkin County concerning the Deed and title to Lot 2.

Although Defendant van Hessen knew that he had nothing more than a lien on Lot 2 by virtue of the pre-signed Deed, Defendant van Hessen, also through his attorney in fact, caused to be recorded a false and malicious Affidavit which implied that the Deed was executed and delivered by the Grantor in lieu of their obligations to Defendant van Hessen.  The Affidavit stated in part:

9

> Lender is accepting this conveyance of the real property and other property interests by a Special Warranty Deed executed by the Borrower on November 24, 2015 ("Deed in Lieu"), which transfers real property rights in the following described property: . . .

Affidavit, attached to the Complaint as Exhibit C.

Defendant van Hessen knew this statement was false. By writing that Lender is accepting the conveyance of real property, Defendant van Hessen implicitly represented that the Borrower had offered the conveyance of real property to the Lender, which Defendant van Hessen knew to be untrue since the Deed was part of a security arrangement. Also, Defendant van Hessen had no contemporaneous consent or authority to accept the Deed as an absolute conveyance. Defendant van Hessen further falsely stated in the Affidavit that the Deed transfers real property rights, when Defendant van Hessen knew the Deed to be a part of his security. Defendant van Hessen caused the Affidavit to be recorded on February 24, 2017 along with the Deed.

Defendant van Hessen had ample reason to know that the Affidavit and the Deed purporting to reflect conveyance and acceptance of conveyance of Lot 2, were groundless, contained material misstatements, and were invalid. The Deed executed by the parties in 2015 as security could not be a conveyance of the property so as to enable Defendant van Hessen to obtain possession of Lot 2 without foreclosure and sale. C.R.S. § 38-35-117. The Affidavit which stated that the Deed conveyed ownership of Lot 2 was intentionally false.

Defendants argue that a document is not groundless under C.R.S. § 38-35-109 unless the recording party knew or had reason to know it would unjustifiably cloud title. *See People v. Marston*, 772 P.2d 615, 617 (Colo. 1989), *citing People v. Forgey*, 720 P.2d 781, 784 (Colo. 1989). In general, knowledge of a party cannot be determined on a motion to dismiss. The well-pled

10

allegations of the Complaint must be taken as true. Here, van Hessen is charged with knowledge of the law.

Plaintiff Ute Mesa Lot 2 has alleged sufficient facts to state a claim for relief pursuant to C.R.S. § 358-35-109(3) under the plausibility standard. The Affidavit, and the other documents recorded by Defendants and referenced therein, are creating a cloud on title to Lot 2. (Complaint, ¶ 93.) The Affidavit and the other recently-recorded instruments are false, and Plaintiffs have alleged that Defendant van Hessen had knowledge of their falsity. It cannot be said based upon the Complaint, the Deed, and the Affidavit attached to the Complaint, that the Plaintiffs' claim for recording a document which is groundless, or contains false statements, or creates a false claim to title fails to state a plausible claim for relief. Defendants' Motion to Dismiss the Third Claim for Relief must be denied.

**D. Plaintiffs sufficiently plead facts supporting the element of special damages in its slander of title claim.**

The elements of the tort of slander of title are: (1) slanderous words; (2) falsity; (3) malice; and (4) special damages. *Fountain v. Mojo*, 687 P.2d 496, 500 (Colo. App. 1984). As discussed herein, the Affidavit recorded by Defendants and the Deed which was altered by Defendants and then recorded were slanderous and false, and recorded for the purpose of creating a cloud on title.

Ute Mesa Lot 2 alleged that Defendants have "inhibited and prevented the refinancing of the loans" described in the Complaint and in the Forbearance Agreement. (*See* Complaint, ¶ 94.) The allegations in the Complaint allege that Plaintiffs were attempting to obtain new financing to complete improvements which would have increased the value of Lot 2. (*See, generally*, Complaint at ¶¶ 34-49.)

11

The cases cited by Defendants involve circumstances in which the actions of a party have prevented the *sale* of the subject property. In the instant case, the allegations of the Complaint establish that Defendants knew of Plaintiffs' efforts to secure refinancing and that the refinancing was a necessary step to completing the project and selling the properties. To be recoverable, special damages must have been within the reasonable contemplation of the parties. *Fountain v. Mojo*, 687 P.2d at 500. Here, the allegations of the Complaint are sufficient to establish that special damages have resulted from Plaintiffs' inability to obtain refinancing due to Defendants' actions. Colorado case law does not preclude the recovery of these damages.

In addition, Plaintiffs allege that Ute Mesa has suffered damages in the form of costs and attorney fees necessary to remedy the wrongful recording. Attorney fees and costs incurred in removing an improper cloud on title constitutes special damages in a slander of title action. *See Hein Enterprises, Ltd. v. San Francisco Real Estate Investors*, 720 P.2d 975, 981 (Colo. App. 1985), *citing Fountain v. Mojo, supra*.

Plaintiff Ute Mesa Lot 2 has alleged sufficient facts which, accepted as true, would establish the elements of a claim for slander of title. Accordingly, Ute Holdings' Motion to Dismiss Plaintiffs' Fourth Claim for Relief must be denied.

**E. Defendant van Hessen has a statutory duty, as a minority member of Plaintiff Ute Mesa, Lot 2, LLC to exercise his rights consistently with the contractual obligation of good faith and fair dealing.**

Defendant van Hessen, through a surrogate, is a minority member of Ute Mesa, Lot 2, LLC. Therefore, Defendant van Hessen has an obligation to exercise any rights he may have consistent with the contractual obligation of good faith and fair dealing (*see* § 7-80-404(3). Defendant van Hessen's conduct as described in Plaintiffs' Amended Complaint that prevented the refinancing

12

and marketing of the sole asset of Ute Mesa, Lot 2, LLC, is antithetical to this statutory duty.

Defendant van Hessen's wrongful conduct permeates all of the claims for relief that Stearn has

stated in his Complaint.

WHEREFORE, Plaintiffs ask that this Court enter an Order denying Defendant Ute

Holdings' Motion to Dismiss.

Dated this 30th day of June, 2017.

Respectfully submitted,

PODOLL & PODOLL, P.C.

By: _s/Richard B. Podoll_

Richard B. Podoll
Robert A. Kitsmiller
***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

I certify that on June 30, 2017, a true and accurate copy of the foregoing was served via ICCES on:

*Attorneys for Defendant Ute Holdings, LLC*
Kenneth E. Citron, Esq.
Lance R. Coté, Esq.
KLEIN COTÉ EDWARDS CITRON LLC
101 South Mill Street, Suite 200
Aspen, Colorado 81611


*Attorneys for Defendant Ute Holdings, LLC*
Mary A. Wells, Esq.
Adam P. O'Brien, Esq.
WELLS, ANDERSON & RACE, LLC
1700 Broadway, Suite 1020
Denver, Colorado 80290
mwells@warllc.com
aobrien@warllc.com


*s/Samantha J. McKinley*
Samantha J. McKinley