| | |
|---|---|
| District Court, Pitkin County, Colorado<br>506 E. Main Street<br>Aspen, CO 81611<br>Tel: 970-925-7635<br>_____<br><br>**Plaintiff:** UTE MESA LOT 1, LLC, a Colorado limited liability company; and LEATHEM STEARN, an individual; UTE MESA LOT 2, LLC, a Colorado limited liability company; UTE MESA 1011, LLC, a Colorado limited liability company; 999 UTE AVENUE, LLC, a Colorado limited liability company; 1011 UTE AVENUE HOMEOWNERS ASSOCIATION, a Colorado corporation.<br><br>v.<br><br>**Defendants:** PAUL J.A. VAN HESSEN, an individual; and UTE HOLDINGS, LLC, a Colorado limited liability company. | ^COURT USE ONLY^<br>_____<br><br>Case Number:  17 CV 30041<br><br>Division:       Courtroom |
| *Attorneys for Defendant Ute Holdings, LLC:*<br><br>Attorney:     Klein Coté Edwards Citron LLC<br>Name:         Kenneth E. Citron, Atty. Reg.#: 43083<br>                     Lance R Coté, Atty. Reg.#: 18194<br>Address:      101 South Mill Street, Suite 200<br>                     Aspen, Colorado 81611<br>Phone Number: 970-925-8700<br>Fax Number:   970-925-3977<br>Email:           kcitron@kceclaw.com; cote@kceclaw.com<br><br>Attorney:     Wells, Anderson & Race, LLC<br>Name:         Mary A. Wells, Atty. Reg.#: 8522<br>                     Adam P. O'Brien, Atty. Reg.#: 37854<br>Address:      1700 Broadway, Suite 1020<br>                     Denver, Colorado 80207<br>Phone Number: 303-830-1212<br>Fax Number:   303-830-0898<br>Email:           mwells@warllc.com; aobrien@warllc.com | |
| **DEFENDANT UTE HOLDINGS, LLC'S REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO DISMISS PURSUANT TO C.R.C.P. 12(b)(5)** | |

Defendant Ute Holdings, LLC ("Holdings"), by and through its attorneys, Klein Coté Edwards Citron LLC and Wells, Anderson & Race, LLC, hereby submits its Reply in support of its Motion to Dismiss Pursuant to C.R.C.P. 12(b)(5)(the "Motion"). [1]

## I. INTRODUCTION

Initially, it is important to recognize that Plaintiffs' arguments are focused largely on what "Defendant Van Hessen" did or did not do. Plaintiffs make allegations about Mr. Van Hessen's "wrongful conduct," but that is of no matter in the resolution of the Motion. Mr. Van Hessen is not now a party to this litigation. He has not been served with process, and the Motion was not made on his behalf.

Plaintiffs claim that the DIL[2] recorded by Holdings was intended by the parties to be a security instrument, not an absolute conveyance. This claim contradicts the plain language of the parties' Forbearance Agreement and Deed-in-Lieu Agreement (the "Agreements"). Both of the Agreements and the DIL itself expressly state that the DIL was meant to effect an absolute conveyance of the Property. Since Plaintiffs cannot direct the Court to any language in the Agreements to defeat the Motion, they instead argue that C.R.S. § 38-35-117 "opposes" the idea that the DIL can be an absolute conveyance. However, § 38-35-117 does not state that deeds-in-lieu of foreclosure must always be treated as security instruments. To the contrary, the statute contains the exception that a deed-in-lieu may convey property if the parties so intend. That exception applies in this case, as demonstrated by the language of the Agreements, which Plaintiffs essentially ignore.

---

[1] On July 6, 2017, plaintiff Ute Mesa Lot 2, LLC filed a Voluntary Petition for Bankruptcy in the United States Bankruptcy Court for the District of Colorado, thereby automatically staying this action against it pursuant to Section 362 of the Bankruptcy Code. Accordingly, this Reply is addressed to the claims asserted against Holdings by the other named plaintiffs.

[2] Capitalized terms used herein shall have the same meanings as defined in the Motion.

Plaintiffs also focus heavily in their Response to the Motion on the purported conduct of defendant Van Hessen in allegedly causing Borrowers' default. This is nonsense. Borrowers' default under the Loan Documents was not caused by their inability to secure alternative financing, an allegation unsupported by facts. Rather, the default was caused by Borrowers' failure for years to pay their obligations under the Loan Documents. That failure has nothing to do with Van Hessen's conduct.[3] In any case, the nature and cause of Borrowers' defaults are immaterial, since the Motion relates only to whether the parties intended the DIL to be an absolute conveyance or a security instrument. Plaintiffs' attempted blame-shifting to Van Hessen misses an important procedural point: as stated above, Van Hessen has not been served with the Summons and Complaint and is not now a party to this litigation, and the Motion relates not to the allegations against Van Hessen but those against Holdings. As to Holdings, Plaintiffs' allegations fail to state a claim for which relief may be granted.

## II.  ARGUMENT

### A. Plaintiffs Do Not Show That a Proper Reading of the Parties' Agreements Indicates Anything Other Than Their Intent to Effect an Absolute Conveyance as a Matter of Law.

While in some circumstances, a deed-in-lieu of foreclosure may be deemed to be merely a security instrument under C.R.S. § 38-35-117, that result is mandated only if the parties did not intend to effect an absolute conveyance. Here, the intent of these sophisticated parties can be determined by reference to their Agreements authorizing Holdings to record the DIL. These agreements each expressly state that an absolute conveyance of the Property was intended (*see* Motion, pp. 7-11, 15-16), and nothing in the Response rebuts that conclusion.

---

[3] Even taken at face value, Plaintiffs' claim that Van Hessen allegedly interfered with their ability to refinance makes no sense. Van Hessen has been deprived of the benefits of his loan for years; it is self-evident that he would want to encourage Borrowers to refinance so he could be repaid.

3

Plaintiffs' heavy reliance on *Larson v. Hinds*, 394 P.2d 129 (Colo. 1964) lacks merit given that the parties here expressly recited their intention that the DIL would result in an absolute conveyance. Unlike *Larson*, which involved an escrow agreement, the transaction here resulting in execution of the Agreements did not create any additional loan or security interest. *See also Duncan v. Colorado Inv. & Realty Co.*, 178 P.2d 428 (Colo. 1947) (deed was a conveyance, not a mortgage, when it created no new security interest); *cf. Weil v. Colorado Livestock Production Credit Ass'n*, 494 P.2d 134, 137 (Colo. App. 1971) (distinguishing *Duncan* where there was no basis on which to conclude that the parties intended to make an absolute transfer of the property).

Instead of addressing the plain language of the Agreements, Plaintiffs resort to presenting unsupported conclusions that there are "disputes" concerning the intent of the parties. Plaintiffs apparently seek to impose the standard for resolving a summary judgment pursuant to C.R.C.P. 56 rather than the applicable standard of C.R.C.P. 12(b)(5). In so doing they ignore the well-established law raised in the Motion that: (i) when documents are attached to a complaint, the legal effect of the documents is determined by their contents rather than by allegations in the complaint, *Stauffer v. Stegemann,* 165 P.3d 713, 717 (Colo.App. 2006)(citations omitted); and (ii) the parties' intent can and should be determined under the principles of interpretation and construction that govern contracts generally, with the primary goal of determining and giving effect to the intention of the parties. *Cache Nat'l Bank v. Lusher,* 882 P.2d 952, 957 (Colo. 1994). Once the agreements are evaluated under the proper legal principles, Plaintiffs' unsupported statements regarding the existence of "disputes" cannot avoid dismissal of the Second Claim for Relief as a matter of law.

4

Simply put, Plaintiffs cannot defeat dismissal through arguments of counsel and mere conclusory allegations that contradict the unambiguous language of the parties' Agreements. The Agreements recognized that the prior loan documents remained in full force and effect (Forbearance Agreement ¶¶ 12, 19; Deed-in-Lieu Agreement ¶ 12) and memorialized the parties' express intention to convey the Property. Plaintiffs fail to state a plausible claim for relief, and their claims should be dismissed.

### B. Nothing in the Form or Substance of the DIL Contradicts the Parties' Intent That Once Recorded the DIL Would Effect an Absolute Conveyance.

The DIL expressly states that it is an absolute conveyance (*see* Motion, pp. 11, 16), intent which must be respected now. Plaintiffs try to call into question whether, despite the recitation that the DIL was an absolute conveyance, it was actually intended to be a security instrument by arguing that it was incomplete when delivered. However, there is no correlation between the sections of the DIL which were initially left blank and the question of what the parties intended the DIL to do.

The DIL Agreement explicitly gave Van Hessen, as lender, the right and authority to assign the DIL: "Borrower agrees to convey all of its interests in and to the Real Property and the improvements thereon . . . to Lender *or his designee*." (DIL Agreement, Section 1; emphasis added). Plaintiffs present no legal authority to support their contention that the DIL's initial blank spaces override the stated intention of the parties to the Agreements that the DIL would be an absolute conveyance. In short, Plaintiffs have presented nothing that undermines Holdings' position that the Second Claim for Relief should be dismissed as a matter of law.

5

### C. The Documents Recorded by Holdings Are Not Groundless Since They Were Authorized by the DIL Agreement.

Regardless that the DIL expressly authorized the recording of the documents, Plaintiffs assert that the DIL and supporting affidavit recorded by Holdings were groundless because they were recorded in the name of a Grantee and on a date which were allegedly not consented to or authorized and that Holdings therefore "knew" that the statements contained in the recorded documents were false. Once again, Plaintiffs ignore the plain language of the DIL Agreement. (*see* Motion, pp. 17-18). This express authorization is critical, since a recorded document is groundless under C.R.S. § 38-35-109(3) only if it has *no* rational basis in fact or law. *Platt v. Aspenwood Condominium Ass'n, Inc.,* 214 P.3d 1060, 1068 (Colo.App. 2009)(citation omitted). Holdings' recordation had a rational basis by virtue of terms of the DIL Agreement which permitted Holdings to do exactly what it did. (*see* Motion, pp. 17-18).

Plaintiffs' focus on Holdings' supposed knowledge also should be disregarded because it centers on the wrong issue. The real issue is not whether Holdings' knew or should have known whether the altered documents should or should not have been recorded. The real issue is whether the recording of the documents created an *unjustifiable* cloud on title. *People v. Marston,* 772 P.2d 615, 617 (Colo. 1989), citing *People v. Forgey*, 720 P.2d 781, 784 (Colo. 1989). The parties' Agreements provide justification on their face for Holdings' recording of the DIL and affidavit, such that those documents cannot be "groundless" as a matter of law. The Third Claim for relief therefore must be dismissed.

### D. Plaintiffs Do Not Refute the Argument in the Motion That As a Matter of Law They Can Not Satisfy the Elements of Slander of Title.

In the Response, Plaintiffs argue that their Fourth Claim for Relief, alleging slander of title, should not be dismissed because they have adequately asserted the element of special

6

damages. However, Plaintiffs do not address at all the argument in the Motion that they cannot as a matter of law satisfy three of the elements of their claim: (1) slanderous words; (2) falsity; or (3) malice. See *Amos v. Aspen Alps 123, LLC,* 298 P.3d 940, 957 (Colo.App. 2010), citing *Fountain v. Mojo,* 687 P.2d 486, 500 (Colo.App. 1984)(*see* Motion, pp. 18-19).[4]

With respect to the element of special damages, Plaintiffs' argument is predicated on a legal fiction. Special damages always involve some effect on the owner's immediate ability to ***sell*** the property at issue. *Skyland Metro. Dist. v. Mountain West Ent., LLC,* 184 P.3d 106, 131 (Colo.App. 2007), citing *McNichols v. Conjeos-K Corp.,* 482 P.2d 432, 435 (Colo.App. 1971) ("In order to show that the words uttered have caused injury to the plaintiff, it is generally necessary to aver and show that they were uttered pending some treaty or public action ***for the sale*** of the property, and that thereby some impending purchaser was prevented from bidding or competing"), quoting *Zimmerman v. Hinderlider,* 97 P.2d 443, 447 (Colo. 1939)(emphasis added)); *Sharpes v. J.P. Morgan Chase & Co.,* 2015 WL 5440626*5 (D.Colo. Aug. 26, 2015); *Fountain v. Mojo,* 687 P.2d 486, 500 ("Colorado case law indicates that legal causation in slander of title cases requires that a **pending sale** be prevented by publication of the injurious falsehoods.")(emphasis added).

Plaintiffs do not and cannot allege that Lot 2 was for sale or that a sale was thwarted by Holdings' actions in recording the DIL. The most they come up with in the Response is an allegation, unsupported by facts, that at some unspecified time in the past they were unable to refinance Van Hessen's long-in-default loan. They cite no authority, because there is none, for the proposition that their inability to refinance is the type of alleged harm which may be

---

[4] None of these elements are adequately alleged in the Complaint or addressed in the Response, but the element of malice is particularly problematic for Plaintiffs. It makes no sense that Van Hessen maliciously interfered with Plaintiffs' ability to refinance when a refinancing would have enabled Van Hessen to be repaid on the loan after suffering Borrowers' defaults for years.

remedied by a slander of title claim. Plaintiffs cannot save the Fourth Claim for Relief by creative argument unrecognized in the law.

### E. Plaintiffs' Argument Regarding the Implied Duty of Good Faith and Fair Dealing Has No Bearing on the Motion.

Although Plaintiffs' Complaint does not assert a claim for relief based on an alleged breach of the implied duty of good faith and fair dealing, Plaintiffs raise the scepter of such a breach as an appendage to the Response. The Court should ignore this argument. First it has no bearing on the legal issues raised in the Motion. Second, it has nothing to do with the allegations in the Complaint to which the Motion is addressed. Third, it only alleges a breach by Van Hessen, who has not been served with the Summons and Complaint, is not now subject to the jurisdiction of the Court, and is not a party to the Motion.

### IV. CONCLUSION

For the forgoing reasons and those set forth in the Motion, Plaintiffs' Second through Fourth Claims for Relief against defendant Ute Holdings, LLC fail to state a claim as a matter of law and must be dismissed pursuant to C.R.C.P. 12(b)(5).

Respectfully submitted this 7th day of July, 2017.

        KLEIN COTÉ EDWARDS CITRON LLC

        By: */s/ original signature on file*
        Kenneth E. Citron

        WELLS, ANDERSON & RACE, LLC

        By: */s/ original signature on file*
        Adam P. O'Brien

## CERTIFICATE OF SERVICE

      I certify that on July 7, 2017 this **DEFENDANT UTE HOLDINGS, LLC'S REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO DISMISS PURSUANT TO C.R.C.P. 12(b)(5)** was filed in paper format or electronically filed via Colorado Courts E-Filing (CCE) and the following parties were to be notified of the service this date via CCE to:

Richard B. Podoll
Robert A. Kitsmiller
Podoll & Podoll, P.C.
5619 DTC Parkway, Suite 1100
Greenwood Village, CO 80111

                                          */original signature on file/*
                                          Hannah Gregory